APRIL 10, 1801.

# Robert Bradley *v.* Abraham Buford, &c.

*Upon an appeal from a decree of the Court of Quarter Sessions of Fayette county.*

1. Direct proof of a combination between vendor and vendee, in a conveyance to defraud creditors, can not, in general, be expected; but the court may infer that the conveyance was fraudulent from all the circumstances surrounding the transaction.

2. A conveyance of all of the vendor's property and choses in action, especially when secretly made, will be considered fraudulent as to the vendor's creditors, both in the vendor and vendee.

3. The fact that the vendee, in a conveyance which purported to be made to secure debts due him, from the vendor, permitted the vendor to assert, in his presence, that he owed him nothing, without contradicting him, destroys the credibility of the answers of the vendor and vendee to a bill in chancery, wherein they assert that such indebtedness did exist.

4. Upon setting aside a fraudulent conveyance, purporting to be made to secure debts due from the vendor to the vendee, the vendee will be permitted to show the true amount due him from the vendor, and to share *pro rata* in the proceeds of the property, upon condition, however, that he first surrender all property and choses in action which have come to his possession under the fraudulent conveyance.

It appears that Robert Smart and George Smart, two of the defendants in the court below, on the 13th day of February, 1799, executed a deed of conveyance to Robert Bradley, another of the defendants in that court, now the appellant in this court, for certain property therein specified; and likewise for all and every other species of property, debts, dues, or demands, which the said Smarts then had against all and every person or persons, with all their joint and separate real and personal estate, and which expresses to be for and in consideration of twelve hundred pounds. And it further appears, that this suit was brought to annul the said deed on the charge of its being made in consequence of a combination between the parties to defraud the appellees of debts due to them from the Smarts.

Of this fraudulent combination there is no direct proof, and in such a case it can hardly be expected; but it seems to the court

that the case was attended with a variety of circumstances, which taken together amount to evidence equally satisfactory—some of which the court will recite. A conveyance of all a person's property, such as the one in question, has always been considered fraudulent as to the creditors, both in the vendor and vendee. And when such a conveyance is secretly made, the fraudulent combination is thereby rendered more certain as well as more dangerous. In the present instance, it is true that the deed of conveyance was not long concealed after it was actually executed; but the appellant states, in his answer, that a conveyance of the kind had for near two years and a half before been agreed on between him and the Smarts, and had been relied on by him as a security for being reimbursed the value of large advances of money, goods, and personal services, which during that period he alleges were rendered by him to them; and as it is not even pretended that this expectation or reliance was revealed to any other person, the effect, as to the other creditors of the Smarts, was the same as if the conveyance, or one similar to it, had been executed when the agreement was first made; and the fraudulent intent is equally certain; more especially, when from the nature of the services which the appellant states he performed for the Smarts, if it is not certain, at least the presumption is violent that he knew they were obtaining credits and indulgences for large sums of money from those who relied for payment on the very property which he considered as his own, yet suffered to remain in their possession.

Wherefore, it is decreed and ordered, that the decree of the said court of quarter sessions, in this cause pronounced, do stand affirmed and unaltered, so far as it declares the said deed of conveyance to the appellant from Robert Smart and George Smart to be void as to their creditors the appellees.

But, as it seems to this court, that the credibility of the answers of the said defendants in the court of quarter sessions, is destroyed by the dispositions which prove that they severally denied that the Smarts were indebted to the appellant; and that the appellant suffered the Smarts to assert in his hearing, that they were not indebted to him, without contradicting them. And for this reason, that the appellant's account against them, the Smarts, which account amounts to £1,200, and is stated by the appellant to be the consideration mentioned in the said deed of conveyance, can not be sustained, neither does the court think that the appel-

lant ought to be restrained only to so much of the account as has been admitted by the court of quarter sessions. Wherefore, it is further decreed and ordered, that the decree of the said court, so far as respects the same, be reversed; and that the cause be remanded to the said court, that it may appoint auditors to ascertain by legal proof, the amount of the several debts due from the said Robert Smart and George Smart to the complainants in that court; and also the amount of the debts due to the said appellant from the said Smarts; and authorize the said auditors to demand, recover and receive all mortgages; and all debts due or to become due to the said Smarts from Robert and Andrew Porter and Robert Caldwell, in the said deed of conveyance specified. And from time to time (after retaining so much of the money for their trouble and expenses as shall be allowed them by the said court of quarter sessions) to make dividends thereof to the said appellees, and the said appellant, or to their respective legal representatives, in proportion to the amount of their several debts to be ascertained as aforesaid, until the whole of them are satisfied; *provided, however,* that the said appellant shall not receive a dividend until he shall give up to the said auditors the two clocks and watch mentioned in the said deed of conveyance, or the value of them, together with all and every other kind of property real and personal belonging to the said Smarts, or its value, which it shall be satisfactorily proven to the said auditors that appellant has received in consequence of the deed of conveyance aforesaid; and then the said auditors shall pay or deliver the residue, if any there be, to the said appellant or his order. And the said court of quarter sessions shall from time to time make such further orders and decrees in the premises, in completion of this decree, as justice, and the contingencies which may arise in the case, may require.

And it is further decreed and ordered, that each of the parties shall pay their own costs in this appeal, which is ordered to be certified to the said court.